# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LIDIO CALZADILLA (#102417)**                                    **CIVIL ACTION**

**VERSUS**

**JASON KENT, ET AL.**                                             **17-599-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 20, 2018.

                                                                                    _____
                                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LIDIO CALZADILLA (#102417)**                                   CIVIL ACTION

**VERSUS**
                                                                  17-599-JWD-RLB
**JASON KENT, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (R. Doc. 8) filed on behalf of defendants, Warden Jason Kent, Dr. Robert Cleveland and Nurse Travis Day. This Motion is opposed. *See* R. Doc. 10.

The *pro se* plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Jason Kent, Dr. Robert Cleveland and Nurse Travis Day,[1] alleging that his constitutional rights were violated when the defendants were deliberately indifferent to his serious medical needs. The plaintiff seeks monetary relief.

Defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court

---

[1] The Complaint also identifies "Terry Gray" as a defendant. (R. Doc. 1). The summons for Terry Gray was returned unexecuted, with the notation that "Terry Gray" is unknown at DOC. (R. Doc. 7).

addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's § 1983 claims asserted against the defendants in their official capacities for monetary damages are subject to dismissal. In contrast, the plaintiff's § 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must be able to prove a deprivation of his constitutional civil rights in order to obtain any entitlement to relief.

The defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at

679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following: On October 18, 2016, his right calf was swollen causing excruciating pain. The plaintiff was examined by defendant Dr. Cleveland who ordered the plaintiff to be transferred to a local emergency room. Ultrasounds and x-rays were conducted at the hospital. The plaintiff, a dialysis patient, was diagnosed with fluid in his calf, and was prescribed Norco. The plaintiff's prescription was not filled, and the plaintiff was not provided with a substitute drug.

The plaintiff specifically informed unspecified DCI medical staff and defendant Warden Kent that he had been prescribed Norco and they refused to provide him with the prescription drug due to the cost. As a result, the plaintiff suffered from severe pain and was unable to walk on his leg for weeks.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the

defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's federal constitutional or statutory rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*. Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' Motion should be granted in part.

The Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendant Nurse Travis Day in any alleged violation of the plaintiff's constitutional rights. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone

insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to allege that defendant Nurse Day has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights.  The plaintiff has alleged only that defendant Nurse Day is the Director of Nursing at DCI.  The plaintiff does not allege that defendant Nurse Day was personally or directly involved in the conduct complained of, nor does the plaintiff allege that his rights were violated as a result of a subordinate's implementation of defendant Nurse Day's affirmative wrongful policies.  Rather, the plaintiff merely named Nurse Day as a defendant.  Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to defendant Nurse Day, and he is entitled to dismissal from this proceeding.

Regarding the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97,

106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

As to defendant Dr. Cleveland, the plaintiff alleges that he was examined by Dr. Cleveland who referred him to a local emergency room for additional treatment. The plaintiff has not alleged that defendant Dr. Cleveland refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evidence a wanton disregard for the plaintiff's serious medical needs. As such, the plaintiff has failed to state a claim against defendant Dr. Cleveland.

As to defendant Warden Kent, the plaintiff alleges that he informed Warden Kent and others that he had been prescribed Norco for his condition, and Warden Kent and others refused to provide him the prescribed medication due to the cost. As a result, the plaintiff suffered from severe pain and was unable to walk on his leg for weeks.

In *Alderson v. Concordia Parish Correctional Facility,* 848 F.3d 415 (5th Cir. 2017), the plaintiff therein was brutally attacked while in custody. Following the attack, the plaintiff raised concerns about his medical condition to Lt. Bryant who responded by sending the plaintiff to lockdown, only investigating the plaintiff's medical complaints after numerous complaints, and returning him to his cell for an additional hour before taking him to the hospital. The plaintiff was prescribed antibiotics and painkillers. When the plaintiff asked Lt. Bryant for his medications, Bryant told the plaintiff to "Man up and wait til medical staff returns from the Christmas holiday." As a result, the plaintiff was not provided with his medications from December 22, 2014 until January 2, 2015, causing him to risk infection and suffer pain for over a week.

The district court dismissed Alderson's claims against Lt. Bryant and other defendants. On appeal, the Fifth Circuit concluded, in part, that the district court improperly dismissed Alderson's claim regarding Lt. Bryant's failure to assist him in filling his prescription. The Court found that the plaintiff's allegations, if true, could support an inference of deliberate indifference on the part of Bryant, and that precedent allowed for recovery for pain suffered during a delay in treatment.

In the instant matter, the plaintiff alleges to have requested assistance from defendant Warden Kent in obtaining his prescribed medication and his request was refused solely due to cost. The denial or delay of necessary medical treatment for financial or other improper motives

not based on medical reasons may constitute an Eighth Amendment violation. *See Hanna v. Corrections Corp. of America*, 95 F. App'x 531 (5th Cir. 2004). Accordingly, accepting the plaintiff's allegations as true for the purposes of this Motion, the Court concludes that the plaintiff's Complaint states a claim for relief against defendant Warden Kent.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion be granted in part, dismissing the plaintiff's claims against defendants Dr. Robert Cleveland and Nurse Travis Day, and the plaintiff's claims against defendant Warden Kent in his official capacity. It is further recommend that in all other regards, the Motion be denied.

Signed in Baton Rouge, Louisiana, on June 20, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**