UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIDIO CALZADILLA (#102417)　　　　　　　　　　CIVIL ACTION

VERSUS

　　　　　　　　　　　　　　　　　　　　　　　　17-599-JWD-RLB

JASON KENT, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 15, 2019.

　　　　　　　　　　　　　　　　　　　　　　／s／ Richard L. Bourgeois, Jr.
　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIDIO CALZADILLA (#102417)                    CIVIL ACTION

VERSUS

JASON KENT, ET AL.                            17-599-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants Dr. Robert Cleveland and Travis Day (R. Doc. 21). The motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Jason Kent, Dr. Robert Cleveland, Nurse Travis Day, and Terry Gray complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary relief.

The defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges that defendant Dr. Cleveland transferred the plaintiff to an outside emergency room for treatment of a possible blood clot in the plaintiff's leg. Upon his return to DCI, defendants Dr. Cleveland and Nurse Day were notified of the hospital's discharge orders and consulted with the plaintiff regarding the same. The plaintiff was advised that he would not be receiving the medications ordered by the emergency room physicians. Dr. Cleveland further informed the plaintiff that he overrides all outside doctors and that the plaintiff should "just deal with it." Defendants Dr. Cleveland and

Nurse Day refused to allow the plaintiff to remain in the infirmary ward where the recommended medications, which included a controlled substance, could have been administered.

The plaintiff further alleges that it is the custom, practice, and unwritten policy of Nurse Day to ignore the orders of outside doctors and limit medications that cost more than the medical department believes is merited. Due to the refusals of defendants Dr. Cleveland and Nurse Day to provide the medication as ordered, the plaintiff was forced to endure severe pain and worsening of his kidney condition. Defendants Dr. Cleveland and Nurse Day were aware of the plaintiff's age, kidney disease, and the possibility of a blood clot but refused to provide the medications as ordered in retaliation for previously filed ARPs complaining of medical treatment provided to the plaintiff by defendants Dr. Cleveland and Nurse Day.

In response to the plaintiff's allegations, the defendants first assert that the plaintiff voluntarily dismissed defendants Terry Gray and Jason Kent by failing to name these defendants in the plaintiff's amended Complaint. In this regard, the defendants are correct. As noted by the Court in *Wilson v. Birnberg,* 569 F. App'x 343, 348 (5th Cir. 2014),

> "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994). "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (footnotes omitted)."

The plaintiff was granted leave to file a single comprehensive amended Complaint. *See* R. Doc. 15. As such, the plaintiff's amended Complaint (R. Doc. 17) is the plaintiff's operative complaint and Terry Gray and Jason Kent are not named as defendants therein. Accordingly, the plaintiff's claims against Gray and Kent should be dismissed, without prejudice.

Defendants Dr. Cleveland and Nurse Day next assert that that are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. Specifically, the Court concludes that the plaintiff stated a claim for deliberate indifference to his serious medical needs.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the

criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The allegations of the plaintiff's amended Complaint, accepted as true for the purpose of evaluating the instant Motion, evince a wanton disregard to the plaintiff's serious medical needs resulting in severe pain and the worsening of the plaintiff's kidney condition which the plaintiff was told to "just deal with." Based on the plaintiff's allegations, the orders of the outside physicians were disregarded as a matter of course without any regard for the plaintiff's medical needs with full knowledge of the plaintiff's age and medical conditions. As such, the plaintiff's amended Complaint states a claim against defendant Dr. Cleveland and Nurse Day for deliberate indifference to his serious medical needs.

To the extent the plaintiff is asserting a claim for retaliation, it is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of

allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is Plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

The plaintiff's allegations do not allude to any direct evidence of motivation, nor does the plaintiff allege a chronology of events from which retaliation may plausibly be inferred. The plaintiff merely alleges in a conclusory manner that he previously filed ARPs against defendants

Dr. Cleveland and Nurse Day and these defendants failed to follow the hospital discharge instructions in retaliation.  As such, the plaintiff fails to state a claim for retaliation.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, given the Court's recommendations the plaintiff's state law claims would substantially predominate over the claims over which the district court has original jurisdiction, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss (R. Doc. 21) be granted in part, dismissing the plaintiff's claims against defendants Terry Gray and Jason, without prejudice, and dismissing the plaintiff's claim for retaliation against Dr. Cleveland and Nurse Day, with prejudice.  It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims.  It is further recommended that in all other regards, the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 15, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**